## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 23 2015, 9:45 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Davina L. Curry
The Curry Law Firm, LLC
Greenwood, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeffery T. Curry,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | December 23, 2015<br><br>Court of Appeals Case No.<br>49A02-1412-IF-859<br><br>Appeal from the Marion Superior Court<br><br>The Honorable James Joven<br><br>Trial Court Cause No.<br>49G13-1409-IF-53293 |

**Vaidik, Chief Judge.**

# Case Summary

After he crossed the center line while honking and showing his middle finger to a police officer, Jeffery Curry disregarded a red light and drove through the intersection while the officer was following him with his siren and flashing lights activated. When Curry eventually stopped and the officer asked him to provide the officer with his truck's registration, Curry told the officer that his registration was current and the officer could look it up. Curry refused to look for or show the registration. The trial court entered judgment against Curry for the infractions of driving left of center, disregarding a lighted signal, and failing to carry his registration in his vehicle. Curry argues that he did not receive proper notice as to where he disregarded a traffic signal. He also argues that there is insufficient evidence that he failed to carry his registration in his vehicle. Because the officer told Curry that he had disregarded the red light at Arlington and Southeastern Avenues, and because Curry failed to produce his truck's registration when the officer asked him to do so, we affirm.

# Facts and Procedural History

At approximately 8:00 a.m. on September 3, 2014, Indianapolis Metropolitan Police Department off-duty officer Robert Hatch pulled out of a parking lot and turned left into the southbound lane of Five Points Road in Indianapolis as Curry was driving northbound on Five Points. Curry, who believed the officer had unsafely pulled out in front of him, honked his horn and displayed his middle finger to the officer. As he did this, Curry's tires went left of the center

line, which required Officer Hatch to move to the edge of the road to avoid being hit.

[3] Officer Hatch turned around at the first opportunity and began following Curry. Because Five Points is a two-lane road with no shoulder, the officer was not able to reach Curry until shortly before Curry reached the intersection of Southeastern and Arlington Avenues. As Officer Hatch approached Curry, the officer activated his lights. When Curry did not pull over, the officer activated his siren. Curry still did not pull over. As the two vehicles approached Arlington Avenue, the light turned red. Curry disregarded the light, proceeded through the intersection, and then pulled over.

[4] As he approached Curry's truck, the officer noticed that Curry's license plate had expired. Curry was upset that he had been pulled over, and the officer explained that Curry had crossed the center line on Five Points and had just disregarded the red light at Arlington and Southeastern Avenues. Officer Hatch asked to see Curry's license and vehicle registration. Curry told the officer that his truck was properly registered and he had a valid sticker; however, he refused to provide his registration to the officer or even look for it in his truck. Curry provided the officer with a receipt for payment of the registration and told the officer to go back to his car and run a check to confirm that the registration was current.

[5] Officer Hatch issued Curry a citation for driving left of center, disregarding a lighted signal, and failing to carry his registration in his vehicle, all Class C

infractions.  After hearing evidence, the trial court issued a judgment against Curry on all three counts.  Curry appeals.

## Discussion and Decision

[6]     We begin by noting that traffic infractions are civil rather than criminal in nature, and the State must prove the commission of the infraction by only a preponderance of the evidence.  *Rosenbaum v. State*, 930 N.E.2d 72, 74 (Ind. Ct. App. 2010), *trans. denied*.  When reviewing a challenge to the sufficiency of the evidence, we will neither reweigh the evidence nor judge the credibility of witnesses.  *Id.*  Rather, we look to the evidence that best supports the judgment and all reasonable inferences to be drawn therefrom.  *Id.*  If there is substantial evidence of probative value supporting the trial court's judgment, it will not be overturned.  *Id.*

[7]     Curry first contends that he did not receive adequate notice of where he disregarded a lighted signal.  Specifically, he contends that he "was unable to prepare a proper defense to the alleged infraction because Officer Hatch followed [him] for more than a mile before stopping him . . . [and] he [did not know] what traffic signal he allegedly disregarded in that mile so that he might obtain witnesses or other data to disprove the State's contention."  Appellant's Br. p. 5.  However, the State correctly points out that at the time the officer pulled Curry over, the officer told Curry that he had just disregarded the light at Arlington and Southeastern.  Curry therefore knew which traffic signal he had disregarded so that he could prepare a defense.  There is sufficient evidence to

support that Curry received notice of the violation and had ample time to prepare a defense.

[8] Curry also contends that there is insufficient evidence that he failed to carry his registration where he told the officer that he had a valid sticker and that the truck was properly registered. However, as the State points out, Curry was charged with failing to carry his registration as required by Indiana Code section 9-18-2-21, not with failing to register the vehicle as required by Indiana Code section 9-18-2-29. The State also correctly points out that the "evidence is uncontroverted that [Curry] failed to produce the registration when asked to [do so]." Appellee's Br. p. 7. This evidence is sufficient to support the judgment entered against Curry for failing to carry his registration.

[9] Affirmed.

Bailey, J., and Crone, J., concur.